699 N.W.2d 303 (2005)
CONSUMERS ENERGY
v.
BEARD.
No. 127419.
Supreme Court of Michigan.
July 14, 2005.
SC: 127419, COA: 246979.
On order of the Court, the application for leave to appeal the October 5, 2004 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE that portion of the Court of Appeals judgment that affirms the Isabella Circuit Court's dismissal of plaintiff's claim of prescriptive easements based on plaintiff's use of the properties at issue since 1936, and we DIRECT the Isabella Circuit Court, in the course of its proceedings on remand from the Court of Appeals, to reconsider this claim. In doing so, the Isabella Circuit Court should consider possible limits on the extent of the claimed prescriptive easements. See Rozmarek v. Plamondon, 419 Mich. 287, 294-296, 351 N.W.2d 558 (1984). Further, the 1983 agreement that resulted in plaintiff receiving 10-year easements does not constitute evidence that can affect the claims in this case. See Rozmarek v. Plamondon, supra. In considering the adverse possession claims of defendants, the Isabella Circuit Court should consider the principles discussed in Rozmarek v. Plamondon, supra, Burns v. Foster, 348 Mich. 8, 81 N.W.2d 386 (1957), Hamilton v. Weber, 339 Mich. 31, 62 N.W.2d 646 (1954), and Walker v. Bowen, 333 Mich. 13, 52 N.W.2d 574 (1952). The judgment of the Court of Appeals is REVERSED to the extent it is otherwise inconsistent with this order, and in all other respects the application for leave to appeal is DENIED.